The opinion of the Court was delivered by
Poché, J.
This is an action for separation from bed and board by the wife, who relies on the grounds of ill and cruel treatmentand public defamation.
The defense is a general denial, coupled with the special averment that this litigation is instigated by plaintiff’s father, and ends with a demand in reconvention for a judgment of separation on the ground of defamation of defendant’s character by the injurious allegations in his wife’s petition.
After a protracted trial, characterized by considerable bitterness and acrimony, the District Court rendered judgment in favor of plaintiff, and defendant appeals.
He calls our serious attention to the error charged against the District Judge for refusing him a new trial, prayed for on several grounds.
Tho serious reason urged was, that of newly discovered evidence; and that evidence consisted of the alleged discovory, since the trial, of his wife’s adultery, charged to have been committed in the State of Virginia, during the summer of 1878.
A correct test of the defendant’s right to a new trial, under these circumstances, is found in the solution of the question of the admissibility of that evidence under tho pleadings.
It is urged that the evidence was admissible under the general denial, which traversed plaintiff’s allegation that she had faithfully observed her duties as a married woman.
After a careful consideration of the authorities cited in support of their argument, by defendant’s counsel, we conclude that this proposition is untenable. None of the authorities extend the doctrine, that proof of adultery will bar the wife’s action for separation, to the right of a new trial for the purpose of introducing, for the first time, the charge of adultery.
Far from alleging adultery, either in his first, or in his supplemental answer, defendant urges as his ground for his reconventional demand, that his wife had defamed him in charging that he had called her a lewd woman; as such a charge implied a doubt of the legitimacy of his children, whom he solemnly recognizes, and for whom he has the greatest love and affection.
We are clear in our conclusion that in the absence of a specific allegation of adultery in a suit like this, the defendant cannot be allowed *613 to introduce evidence of adultery against the plaintiff, who would thus be comp’letely surprised, and deprived of the time or opportunity to prepare her defense against the most heinous charge which can be hurled at a married woman and a mother.
No possible injury could flow from the Judge’s ruling to the defendant, who could have brought at once an action for divorce against his wife, and could have dissolved the bonds of matrimony, before the final disposition of this cause, if he could have proved the severe accusation which he prefers against his wife, in his affidavit for a new trial.
We fully concur with the action of the District Judge on this point, and we shall now proceed to examine the case on the merits.
We have given full and favorable consideration to the law, which defendant’s counsel hold out as the rule of courts, in determining questions of such a delicate nature as the separation of married persons.
We fully concur in their views that courts will not and should not separate spouses, especially when children have been born of their union, for light or trivial causes, or when the evidence shows mutual wrongs between the parties.
Hence, we have read with more than ordinary attention, and weighed witli great care, the testimony found in the record of this cause, impelled with a strong desire to re-unite, if possible, a young father and a devoted mother, for the protection and proper education of their tender offspring, for whom they both feel a fond attachment, and who might prove to them a strengthening tie of affection and union.
But the evidence destroyed that hope, and imposes the painful duty of separating the spouses, by affirming the judgment of the lower court.
The salient facts shown, beyond a doubt, by the record, are: that defendant frequently ill-treated his wife, in various ways, and even struck her on two occasions; and that he repeatedly accused her, in the presence of other persons, of being unfaithful to him, and of meeting other men in adulterous intercourse.
In our examination of this testimony, we have given due consideration to the argument of defendant’s counsel, on the point of condonation, as shown by the reconciliation and co-habitation of the parties in the fall of the year 1879; and if the evidence had failed to show a renewal by the husband of his cruel treatment of his wife, after their reconciliation, our plain duty would have been to reverse the judgment of the lower court.
But such is unfortunately not the case, for the evidence is painfully overwhelming on the point of the renewal of the former scenes, which culminated in April, 1880, in a boisterous and scandalous outburst, during which the defendant unmercifully abused his wife, loudly charged her with adultery with men whom ho designated by names, struck *614 her down, and drove her out of her own room, in the presence of two or three other persons, and then left the house, with the violent declaration that he would never return to her again.
Defendant’s counsel argue that a solitary instance of such conduct will not justify a decree of separation, and at the same time they contend that evidence of repeated instances of such conduct, from December, 1879, to that date, cannot be considered, because such acts were condoned by the wife, as shown by her continuous co-habitation with her husband.
•It strikes us that the rule contended for by defendant is hardly just or logical. If an ill-treated wife complains at the first instance of cruelty, her demand is premature; if she endures her husband’s ill-treatment, during co-habitation, until their living together becomes insupportable, her demand must be rejected, because, forsooth, she lias condoned. Under such an interpretation, the Article of the Code, on the subject of separation, would become a cruel delusion.
The attempt ol' defendant .to destroy the credibility of plaintiff's witnesses, by showing that they were servants, ignorant and of the negro race, cannot succeed, as it would tend to discredit witnesses, for causes unknown to our laws, and repugnant to common justice and humanity.
Their statements on the material issues involved in this case, are consistent and mutually corroborative, and they are entirely and absolutely uncontradicted by any other testimony in the record, or by any direct evidence by other persons charging that those witnesses were not worthy of belief.
The argument, that to constitute defamation, within the meaning of the Code, the offensive epithets or words must have been uttered in public, does not meet with our sanction. We hold that the charge of adultery against a wife by her husband, made in the presence of her servants, and of a visitor, or to another person at the latter’s house, as shown in this record, does constitute a public defamation, as contemplated by our law, for which the injured wife is entitled to the protection of the Courts. Bienvenu vs. Benson, 14 A. 380.
Wo have carefully read the series of plaintiff’s letters to her husband, introduced in evidence against her, for the purpose of proving her con-donation witli past ill-treatment, and for the purpose of showing wrongs on her part.
While we deeplj’ regret the motive which has given publicity to letters containing the most sacred confidence between husband and wife, we must say that we were cousidorablj’ edified with the spirit which pervades them all, and proves to our minds that plaintiff was an *615 intelligent, loving and dutiful wife, whose greatest ambition was for the happiness of her husband and of her children.
The recouventional demand of defendant, on the ground of defamation by his wife, through allegations in her jietition, has no merit.
Jurisprudence has settled that such allegations, even if disproved', cannot be the basis of an action for separation by either of the spouses. Homes vs. Carrier, 16 A. 94; Terrell vs. Boarman, ante 301.
We find no error in the judgment of the lower court, which is, therefore, affirmed with costs.
Rehearing refused.
Levy, J., absent.